Scott, judge,
delivered the opinion of the court.
Bailey the plaintiff filed a petition against Wing and others defendants to foreclose a mortgage executed to him by them as trustees of Lincoln Academy. The mortgage is as follows :
“Know all men by these presents, that we, Richard' B. Woolfolky Horace B. Wing, Emanuel Block, Valentine J. Peers and Francis Parker, Trustees of the Lincoln Academy, in the county of Lincoln and State of Missouri, for and in consideration of the sum of eleven hundred and ninety-two dollars to us in hand paid as trustees aforesaid for’ the use and benefit of said academy by David Bailey of said county and state, have granted, bargained and sold, and do by these presents* grant, bargain and sell as effectually as we as trustees aforesaid caw dispose of, four certain lots of ground situate, lying and being in the-town of Troy in said county of Lincoln known and designated as Collin’s addition to said town as lots numbered (336) three hundred and' thirty-six, (337) three hundred and thirty-seven, three hundred and fifty, (350) and (351) three hundred and fifty-one, on which lots the Lincoln Academy is situated. To have and to hold the said lots of ground together with the improvements thereon situated unto him the said David Bailey his heirs and assigns forever. The condition of these presents are such that w,hereas the said sum of eleven hundred and ninety-two dollars is due to said David Bailey as a balance for building the said academy. Now, therefore, if the trustees aforesaid or their successors in office shall pay or cause to be paid to the said David Bailey or his legal representative on or before the first day oí January in the year one thousand eight hundred and forty, the said sum of eleven hundred and ninety-two dollars, with ten per cent, interest thereon from the date hereof until paid, then this deed of mortgage to be void and of no effect. It is expressly understood that we as trustees aforesaid are not to be personally liable for the payment of said sum of money due to said Bailey, in any manner whatever.
In testimony whereof, we, as trustees aforesaid, have hereunto set ouy *177 hands and affixed our seals this thirtieth day of December eighteen hundred and thirty-seven.
Signed, RICHARD H. WQQLFQLK, [seal.]
HORACE B. WING, [seal.]
EMANUEL BLOCK, [seal.]
V. J. PEERS, [seal.]
FRANCIS PARKER. [seal.]
The petition after setting out the mortgage avers that there is a balance due the plaintiff of $305 80; that the mortgage has become forfeited ; that the mortgagors were seized of an estate in fee in the mortgaged premises for the benefit of the said Lincoln Academy. That some of the original trustees had been replaced by successors who were made defendants, and prays for a foreclosure of the equity of redemption. To this petition there was a demurrer filed which being sustained the cause was brought here.
It appears that the ground on which the demurrer was sustained, was, that the execution of the mortgage was a corporate act, and that it could have only been evidenced by annexing the corporate seal. It is clear that a corporation can only convey lands by deed, and that its assent must be evidenced by its common seal. But we do not. consider that this principle is applicable to the present case. There is nothing on the face of the petition which shows that the defendants were ever incorporated. The statute creating the corporation is a private one and must be given in evidence. The act making the printed statute book evidence of private statutes does not dispense with the requirement of the common law that they must be produced in evidence.
The defendants having executed the mortgage they certainly appear with a bad grace in denying that they had any authority to do so. It is a general rule that a mortgagor and those claiming under him are estopped from saying that no title was conveyed to the mortgagee. In executing the instrument they hold forth that they have title or authority to convey, and that title whether good or bad, the mortgagee is entitled to. This proceeding affects no body but the parties to it. If the defendants had no right to convey, nothing will be sold under the judgment in the case, and the purchaser will be defeated in an action of ejectment against the corporation. Had this suit been brought against the corporation by its corporate name the defence set up would have been more imposing, but as the individuals executing the mortgage and Some of their alledged successors are the only persons implicated in this pro *178 ceeding, they have no cause to complain. The petition moreover avers that the mortgagors were seized in fee of the mortgaged premises and on a demurrer that fact stands admitted. The act of incorporation not being shown, we cannot say what were the powers of the trustees. This case may be like that of De Zeng vs. Beekman 2 Hills Rep. 489, where by an act of the legislature, the trustees of a lot were declared to be a body corporate, and it was provided that the said trustees should have authority to sell the lot; and it was held that a deed executed by the trustees as such and not in the name of the corporation was a valid execution of the power and vested the little in the grantee.
The judgment is reversed, the other judges concurring, and the cause remanded.