PELTON vs. FARMIN and others.

Sec. 6, chap. 134, R. S., which declares that the sheriff's deed "shall be effectual to pass the rights and interests of the parties in the property adjudged to be sold," when applied to the deed executed upon a foreclosure sale, must be understood as referring to such rights and interests as were or might properly have been litigated in the foreclosure action.

The object of a foreclosure suit is to bar the mortgagor and those claiming subse-quent to the mortgage, from redemption, and not to try titles alleged to be par-amount to that of the mortgagor.

If the party made defendant as claiming some interest subsequent to the mortgage, claims no such interest, he should disclaim, and the suit should be dismissed as to him.

The setting up of a paramount title by such party is no answer to the allegations made against him; and if the plaintiff does not choose to litigate such alleged title in the foreclosure suit, he may properly raise the objection by demurrer.

What would be the effect of a judgment involving a decision upon such alleged par-amount title, set up by a defendant in foreclosure and litigated without objec-tion, is not here determined.

APPEAL from the Circuit Court for *Winnebago* County.

Action to foreclose a mortgage of real estate, executed by *Farmin*, June 2d, 1852. The complaint alleges that the defendants *Daniel B. Knapp, Andrew B. Knapp, Daniel W. Bradley* and others, "have or claim to have some interest in said mortgaged premises, or in some part thereof, which interest or lien, if any, has accrued subsequent to the lien of said mortgage, and is subject thereto." Said defendants *Daniel B.* and *Andrew B. Knapp* and *Bradley* answered, denying all the material allegations of the complaint. "For a further answer," they then allege a paramount title to portions of said premises under tax deeds. The plaintiff demurred to that portion of the answer which set up such paramount title; one of the grounds of demurrer being, "that it did not constitute a defense to the action," and another, "that the issue tendered by said portion of the answer is not cognizable in this equitable action, but is purely of legal cognizance." The demurrer was overruled, and the plaintiff appealed.

*Whittemore & Weisbrod*, for appellant, contended, among other things, that sec. 6, ch. 134, R. S., can have no application to conveyances made in pursuance of a sale under a judgment of foreclosure. Secs. 5 and 6 of that chapter are the same as sec. 287 of the New York code, and were sec. 197 of the code of 1856. At the time of the enactment of the code of 1856, the provisions of sec. 83, ch. 84, R. S. 1849, declaring the effect of deeds executed upon sales under a decree of foreclosure, were in force, and sec. 83 was not repealed by that code. It was recognized as in force by ch. 113, Laws of 1858 (R. S. 1858, p. 860) and remained in force until January 1, 1859, when the new revision took effect. It was re-enacted in substance by the legislature of 1859, as sec. 3, ch. 195, Laws of 1859, and is now in force.

*M. A. Edmonds*, for respondent:

In *Lewis v. Smith*, 5 Seld., 502, it was held that, under the statute of New York, a plaintiff cannot make one a defendant

in a foreclosure suit for the purpose of litigating adverse claims, and that such claims are not barred by a defendant suffering a default. It is not there held, however, that even under the New York statute, a defendant claiming a paramount interest may not set it up by answer, and be bound by a litigation of his claim in that suit. See opinion of DENIO, J., p. 516. The statute of that state declares that the deed executed by the master in chancery upon a foreclosure sale, "shall vest in the purchaser the same estate that would have vested in the mortgagee if the equity of redemption had been foreclosed; and such deed shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an entire bar against each of them, and against all parties to the suit in which such sale was made, and against their heirs respectively, and all claiming under such heirs" (2 R. S., N. Y., 192, sec. 158); and the court say: "Taking all the expressions of this section together, it is obvious that the '*entire bar*' which is spoken of refers to rights and interests in the equity of redemption, and does not embrace interests which are paramount to the title of both mortgagor and mortgagee. Such interests would be other and greater than would have vested in the mortgagee if the equity of redemption had been foreclosed." Again, the allegation of the bill in that case was, "that the said Drusilla Lewis [and others] have or claim to have some interest in the aforesaid mortgaged premises as subsequent purchasers or incumbrancers, or otherwise." That was precisely the form prescribed by the 132d rule in chancery, corresponding with rule 83 of our old rules in equity. And the court laid great stress upon the form of that allegation. EDWARDS, J., says: "The word *otherwise*, according to the rule of construction adopted in all analogous cases, means *in some other like capacity*, and does not embrace a claim like that set up in this case." The result of such a construction of the allegation and of the statute was plain enough. The widow's dower interest was a paramount interest. She al-

so had other interests *not* paramount. She suffered a default in the foreclosure suit, and afterwards brought ejectment for her dower. The court held that she was not called upon by the allegations of the bill to make defense as to her dower interest, and that not having done so, such interest was not foreclosed. Before the revision of 1858, we had a statute similar in terms to that in New York, declaring the effect of a foreclosure in chancery and of the sheriff's deed given upon the sale. R. S. 1849, chap. 84, sec. 83, as amended by Laws of 1852, ch. 393, sec. 2. But in the late revision that provision was not retained, and the only statute we now have which controls this case reads as follows : " Real property adjudged to be sold must be sold in the county where the mortgaged premises or some part thereof are situated, by the sheriff of that county or by a referee appointed by the court for that purpose ; and thereupon the sheriff or referee shall execute a conveyance to the purchaser, which conveyance shall be effectual to pass the rights and interests of the parties in the property adjudged to be sold." R. S., ch. 134, sec. 6. This statute was enacted with no special reference to foreclosure suits, but is equally applicable to all other suits where any part of the relief consists in a decree for the sale of real property, and is the only statute we have upon the subject, except that of 1859, chap. 195, authorizing the redemption of lands sold under foreclosure of mortgages thereafter executed by judgment or decree of court. Sec. 3 of this is a re-enactment of the old statute as to *such* mortgages, but of course has no application to *this* mortgage, nor to the deed which may be executed upon the sale in this suit. There can be but one construction given to our statute. There is nothing in the context to vary or control the plain meaning of the words *" shall be effectual to pass the rights and interests of the parties in the property adjudged to be sold."* All the rights and interests of all the parties to the suit, in the property adjudged to be sold, are conveyed by the deed to the purchaser. It becomes absolute-

ly necessary, then, for parties defendant, having claims, to set them up and have them litigated, or pay the penalty of having such claims barred by the judgment and sale. Again, the allegation in the complaint as to the interest of the respondents, is not in conformity with rule 83, but is in such a form as to call upon the defendants to answer as to any and all interests they may have in the property. It distinctly asserts that whatever interest the defendants have is subject to the lien of the plaintiff's mortgage; and that is just the question we have attempted to litigate.

*By the Court*, PAINE, J. This was an action to foreclose a mortgage, and some of the defendants, who were proceeded against only as persons having some claims in the premises subsequent and subject to the mortgage, answered setting up a paramount title. This was demurred to, and the demurrer overruled, improperly as we think.

A person made a party to a foreclosure suit, merely to bar any interest which he may claim subsequent and subject to the mortgage, if he claims no such interest, has no right to insist on setting up and trying in that suit a claim of paramount title. The two things are incongruous and ought not to be mixed together.

And though the respondent's counsel seems to think that our statute, contrary to all previous practice on the subject in this state or elsewhere, designed to mingle all possible claims to the land in a foreclosure suit, yet we can discover no sufficient evidence of such a design. He relies upon section 6, chapter 134, R. S. 1858, as producing this result, because it provides that the conveyance executed by the sheriff or referee " shall be effectual to pass the rights and interests of the parties in the property adjudged to be sold." It is claimed that this is substantially different from the New York statute under which the decision in *Lewis v. Smith*, 5 Seld., 502, was made ; and that as their statute related specially to foreclosure cases,

when it provided that the deed given on a sale should be "an entire bar against all parties to the suit," the court held that it referred only to rights and interests in the equity of redemption, and not to rights paramount both to the title of the mortgagor and that of the mortgagee. And the counsel then infers that because our statute has no special reference to foreclosure cases, but provides a general rule for all cases, therefore it cannot be applied to mortgage cases with any different effect from what it would have in case a sale was ordered in a partition suit, or in any other case where a sale may be had. But this very fact, that the provision of our statute is found in a general chapter on executions, and had no special reference to mortgage cases, leads our minds to a conclusion directly opposite to that at which the counsel has arrived. For it shows that the legislature had no special design of providing any new rules in respect to the proper parties to a foreclosure case. It left that untouched. It assumed that the question who were proper parties, would be settled in such cases by the existing law and practice upon the subject; and that when its general provision that the deed should pass "the rights and interests of the parties " came to be applied to such a suit, it should be interpreted as referring to such rights and interests as were or might have been properly litigated in the suit, and disposed of by the judgment. If they did assume this, then they understood that the object of a foreclosure suit was to bar the mortgagor and those claiming subsequent to the mortgage, from redemption, and not to try paramount titles, and they could not have intended, in applying their general provision to such cases, anything more than was intended by the New York statute having special reference to mortgages. If they had intended to accomplish any such sweeping change in the entire scope and object of so important a class of actions, they would have done it by some legislation on that special subject, and not in the manner in which it is here claimed to have been done.—If the party alleged to claim some interest

subsequent and subject to the mortgage, claims none, he should disclaim, and the suit should be dismissed as to him. He would then no longer be a party, and though the deed given on the sale should convey the interests of all the parties, he would not be affected as to any paramount title he might have. His setting up such a paramount title was no answer to the allegations made against him; and if the plaintiff did not choose to litigate his title in this suit, we think he might raise the objection by demurrer. The case of *Lewis v. Smith* has already been followed by us in *Strobe v. Downer*, 13 Wis., 10; and without saying what might be the effect where a paramount title was set up in a foreclosure case, and litigated without objection, and a judgment rendered involving a decision upon such title, we decide simply that neither party is bound to litigate such a title in such a way, and that where a party is proceeded against as a subsequent incumbrancer only, it is no answer for him to set up a paramount title.

The order appealed from is reversed, with costs, and the cause remanded for further proceedings.