ABRAHAMS v. BARTLET.

1. Attachment: SOLDIER. A person in the naval service of the United States was not within the "actual military service," within the meaning of chapter 113, Laws of 1862, and chapter 11, Laws of the Special Session of 1862.

*Appeal from Des Moines District Court.*

FRIDAY, JUNE 9.

DEFENDANT moved to "quash the attachment issued and levied upon property, for the reason that he was in the actual naval service of the United States." The writ was issued and served September 2, 1863. The motion was sustained "to the extent of ordering the property released," and from this order plaintiff appeals.

*C. H. Phelps* for appellant.

*Tracy & Newman* for appellee.

WRIGHT, Ch. J. — Defendant was appointed acting master in the navy of the United States in June, 1863, and at once accepted the same and entered upon his duties. The question to be determined is whether, under the laws of this State, he falls within the class of soldiers whose property, it is declared, shall be released when seized by writ of attachment.

VOL. XVIII.—65

The language of the statute under consideration is, that any property of any *soldiers in the actual military service* of the United States, levied upon or held by a writ of attachment, issued from the courts of this State, shall be released from any writ of attachment for the time he shall be in said service and two months thereafter. (Laws of 1862, chap. 118 ; Laws of Extra Session, 1862, chap. 11.)

The intention of the legislature is to be arrived at primarily, from the language employed in expressing such intention. Looking at this, we are led to the conclusion that a person in the naval service is not entitled to the benefits of these excepting and remedial statutes. We know that the navy, as a department of the service, is as distinct from the war, as the interior or post-office from either of them; and when we speak of a "*soldier in the military service*," we mean one in the war or military department, rather than in the naval service. And especially so, when it is remembered that one may be in the naval service or connected with the navy, without being a soldier, as when he belongs to merchantmen or the merchants' service. A soldier in the military service, on the contrary, means one belonging to the soldiery, militia or *army* of the nation or State. That the latter is the true and uniformly accepted meaning of a "soldier in the military service," there can be no doubt.

And this construction is not without legislative aid. In 1862 an act was passed providing for the continuance of causes in which the defendant was in the *actual military service* of the United States. Ch. 109, p. 125, Laws of 1862, amendatory of ch. 7, p. 6, extra session of 1861. In 1864 (Laws of the 10th General Assembly, ch. 19, p. 15) this act was extended to persons in the "naval service," and as the act of 1862 regulating *continuances* is as broad in its language as that under consideration, to wit, persons "*in the actual military*," the argument is legitimate, that by the

subsequent amendment extending its provisions to those in the "naval service," it was designed to remedy an admitted mischief or defect, and that by not doing the same as to the acts regulating the writ of attachment, it was not designed to enlarge their provisions. It is very probable that it was an omission. If so, the remedy is with the legislature. Our duty is to construe the law as we find it; and as the construction above given is in accord with the well understood and commonly received language employed, and finds much support in the subsequent action of the legislature, we feel constrained to hold that the property was improperly released, and that the order below must be

Reversed.