## Roche vs. Knight, impleaded with others.

*Mortgage foreclosure—Paramount title set up and litigated.*

Where one made defendant to a foreclosure action as claiming some title or lien subsequent and subject to the mortgage, answers setting up a paramount title or right of possession, and the question is tried, and proof made of such paramount title or right, a judgment of foreclosure in the ordinary form against all the defendants, providing for a sale of the premises, and that the purchaser be let into possession, and barring the defendants and all claiming under them &c., is erroneous.

APPEAL from the Circuit Court for *Racine* County.

Foreclosure of a mortgage. Judgment against all the defendants in the usual form; from which the defendant *Knight* appeals. The grounds of the appeal will appear from the opinion.

*Fuller & Dyer*, for appellant.

*Geo. B. Judd*, for respondent.

DOWNER, J. This action was brought to foreclose a mortgage on lots 13, 14, 15, and 16, in block 2, North Racine. The evidence proves that the appellant, both when the action was commenced and when judgment was rendered, was in possession of lots 13 and 14 under a title paramount and adverse to that of the plaintiff, or the maker of the mortgage he seeks to foreclose; and that the appellant and one Smith were in possession of lots 15 and 16 as mortgagees, under a mortgage prior to that set out in the complaint. The appellant appeared, answered, and contested the right of the plaintiff to the ordinary judgment of foreclosure.

*Knight* and Smith, as the owners of the first mortgage on lots 15 and 16, had, after default in the payment of the amount secured to them thereby, a right to retain the possession of those lots as against the maker of that mortgage, or any person or persons claiming under him, until the amount secured thereby was paid.

The judgment provides for the sale of the mortgaged premises, and that the purchaser be let into possession. This action is thus made to perform the office of a suit in ejectment as to lots 13 and 14, and to deprive *Knight* and Smith of the possession of lots 15 and 16, without first paying their prior mortgage. This could not be legally done.

The judgment also contains the usual clause barring the defendants, and all persons claiming under them, of all right, claim, interest and equity of redemption in and to the mort-

gaged premises. It is contended that this clause cannot injure the appellant under the rules laid down in *Pelton v. Farmin*, 18 Wis., 222, and *Strobe v. Downer*, 13 Wis., 10. But we think the doctrine of those cases does not apply where the defendant appears and answers, setting up his adverse title or prior mortgage, and such title or claim is litigated.

For these reasons the judgment must be reversed, and cause remanded for further proceedings.

*By the Court.*—Ordered accordingly.