RAY ET AL. *v.* THE INDIANAPOLIS INSURANCE COMPANY.

NEW TRIAL.—*Cause.*—That the court erred in sustaining a demurrer to an answer, is not a cause for granting a new trial.

CORPORATION.—*Estoppel.*—A party who contracts with a corporation, as such, is precluded from questioning the organization of the corporation.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—This action was brought by the appellee against the appellants, to foreclose a mortgage executed to it, by the appellants, to secure the payment of a promissory note made by appellant Martin M. Ray to the appellee. The defendants answered; the plaintiff replied; the cause was tried by the court; there was a finding for the plaintiff; motion for a new trial overruled; and judgment rendered on the finding.

The errors assigned in this court, stating them in our own order, are, first, the overruling of the demurrers of the defendants to the complaint; second, the sustaining of the demurrers of the plaintiff to the several paragraphs of the answer of the defendants; third, the striking out of the paragraphs of the answer; fourth, error of the court in its conclusions of law upon its special findings; fifth, the refusal to grant a new trial.

No particular defect in the complaint is pointed out. It seems to us to be sufficient.

There is no question in the record relating to the sufficiency of the answers as last amended and filed.

The last answers filed were not stricken out, but were on file when the case was tried.

There was no legal and proper special finding by the court, nor any conclusions of law stated.

The new trial was asked for the reasons, first, that the court erred in sustaining the demurrers to the second, third, and fourth paragraphs of the answer; second, the court erred in refusing to allow the defendants to prove that the plaintiff was not organized as a corporation; third, in finding

too much for the plaintiff; fourth, in its conclusions of law; and, fifth, in rendering judgment for the amount of the finding and costs.

The first reason assigned is not a cause for granting a new trial.    Second, there was no error in refusing to allow the defendants to prove that the plaintiff had not been organized as a corporation.    By making the contract with the company, as a corporation, they precluded themselves from questioning that fact.    2 Davis Ind. Dig. 191, sec. 27.    Third, there is nothing in the bill of exceptions to show that the finding was excessive.    Fourth, there were no conclusions of law stated by the court; and if there had been, and they were wrong, this was no reason for a new trial.    Fifth, the judgment is in proper form, so far as we can see.    The motion for a new trial was properly overruled.

The judgment is affirmed, with two per cent. damages and costs, as of the November term, 1871, when it was submitted, the said Martin M. Ray having since then departed this life.

*M. M. Ray, H. C. Ray, W. L. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellants.

*T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellee.