FLOYD COUNTY V. MORRISON ET AL.

1. **Estoppel:** MORTGAGE: INTENTION OF PARTIES. A mortgage executed to the commissioner of the school fund, to secure a loan from that fund, after the abolition of the office, was valid, and the mortgagor was *held* to be estopped from denying the official character of the grantee. The instrument should be given the effect intended by the parties.

2. **Evidence:** MORTGAGE: PAYMENT OF INTEREST. When the validity of a note and mortgage was assailed, evidence showing the payment of interest was *held* to be competent.

3. **Estoppel:** PUBLIC OFFICER. The maker of a note and mortgage, intended simply to aid an officer in the settlement of his accounts, is estopped to deny their validity in an action to recover upon them.

4. **Attorney:** FEES. A mortgage provided for attorney's fees in the event of foreclosure, while the note which it was executed to secure and which was signed by several parties beside the mortgagor, contained no such provision. In an action upon the note and mortgage, it was *held* that judgment for attorney's fees should be rendered against the mortgagor alone.

*Appeal from Floyd District Court.*

TUESDAY, MARCH 16.

THIS action was brought by Floyd county to foreclose a mortgage taken by the school fund commissioner of the county to secure the payment of money of the school fund loaned to defendant. Besides a decree of foreclosure, judgment was sought against certain parties executing a promissory note for the money loaned. A decree of foreclosure and judgment upon the note was rendered in the District Court, from which defendants appeal. The other facts of the case appear in the opinion.

*W. B. Fairfield* and *J. O. Crosby*, for appellants.

*Boulton & Duncan*, for appellee.

BECK, J.—I. A paragraph of defendants' answer alleged that David Wiltse, who is described in the mortgage as the

school fund commissioner, was not, at the date of the instrument, August 30, 1859, such officer; that there was no officer at that time of that name, and that the office had been abolished by a law taking effect January, 1859.

A demurrer to the paragraph was sustained, and this ruling is the first ground of objection urged by defendants' counsel. In our opinion it was correct. As the mortgage was intended for the security of the school fund, it matters not who is named therein as the officer of the county, or what title he bears. The instrument will be given the force and effect intended by the parties. The defendants are estopped to deny the rehearsals of the deed and the official character of the person named therein as grantor. This conclusion is supported by familiar principles of law. *Franklin v. Toogood*, 18 Iowa, 516.

<span style="margin">1. ESTOPPEL: mortgage: intention of parties.</span>

II. A witness was permitted to testify that one of the defendants made payment to the county of interest upon the note and mortgage. The evidence was objected to at the time, and its admission is now complained of as erroneous. The defendants, by their answer, denied the delivery of the instruments sued on,. and set up that Wiltse was to retain them in his possession until certain county warrants were delivered to defendants. They thus disputed the validity of the instruments. It is very plain that payment of interest by the defendants would tend to contradict this defense, to support which defendants introduced certain evidence. In our opinion the evidence was competent and relevant to the issues.

<span style="margin">2. EVIDENCE: mortgage: payment of interest.</span>

II. It is urged that the judgment and decree are not supported by the evidence.

The evidence discloses that the note and mortgage were executed to Wiltse, who had been school fund commissioner, to be used as a part of that fund. We infer from the evidence that at the time he was delinquent in his official accounts, and the instruments in suit were intended to aid him in his settlement with the county authorities, being reported as evidence of a loan. Defendants ought not to be relieved, and cannot complain if, after they accom-

<span style="margin">3. ESTOPPEL: public officer.</span>

plished the end intended, their obligations are held to be valid. The law cannot shield parties who bring no better excuses to the ears of the courts for the non-performance of their contracts than those pressed upon our attention by the defendants in this case. We are of the opinion that the judgment of the District Court is well supported by the evidence.

IV. The mortgage provides that attorney's fees shall be taxed as costs. No such stipulation is in the note. By the **4. ATTORNEY:** judgment of the court these fees are taxed against **fees.** all of the defendants. This is erroneous. Morrison alone executed the mortgage, and is alone bound to pay the fees; the other defendants are not liable therefor. The judgment of the District Court, in this respect, will be modified, and in other respects affirmed. As defendants made no effort to correct the taxation of costs, or in other manner to correct the error just pointed out, in the District Court, they cannot be relieved from the costs of the appeal.

MODIFIED AND AFFIRMED.