Stahl *et al.* *v.* Hammontree.

NO. 7780.

STAHL ET AL. *v.* HAMMONTREE.

MORTGAGE.—*Pleading.*—*Defect of Title.*—To a complaint for foreclosure of a mortgage on real estate, given to secure the payment of the purchase-money, an answer by the mortgagor alleging a defect in the title is insufficient, where the mortgagor is still in undisturbed possession of the real estate, and has suffered no inconvenience, nor been put to any expense by reason of such alleged defect.

PLEADING.—*Exhibits Filed.*—A paper filed with a pleading, but which is not the foundation thereof, will not be considered, in determining the question of the sufficiency of such pleading.

SAME.—An answer purporting to answer the entire complaint, but which only answers a part, is insufficient.

NEW TRIAL.—*Evidence.*—*Practice.*—Where the admission of evidence upon a trial is not assigned as cause for a new trial, no question as to its admissibility can be raised in the Supreme Court.

From the Whitley Circuit Court.

*J. S. Collins, J. W. Adair* and —— *Collins*, for appellants.

*W. F. McNagny* and *'T. R. Marshall*, for appellee.

ELLIOTT, J.—Complaint upon notes and mortgage. Appellee recovered judgment below, upon the notes, and was awarded a decree foreclosing the mortgage.

Appellants' counsel assert that the demurrer ought to have been sustained to the complaint, because the notes are improperly described. If the counsel were correct in their assumption, they would be wrong in their conclusion, for such a defect would not destroy the entire complaint. But they are wrong in their assumption; the notes set out as exhibits correspond exactly with the notes described in the mortgage.

The appellants' counsel say, and this is all they do say, in support of their second assignment of error, "Appellants insist that the cross complaint is sufficient to entitle them to the relief asked for therein."

This is a very broad and general assertion, and, in strictness, ought not to be deemed sufficient to require us to read

such a long and prolix pleading as the cross complaint is. We have nevertheless done so, and are unable to see upon what theory it can be supported. Counsel for appellee have made no argument upon it, assuming, as, in the writer's opinion, well they might, that the appellants having offered no argument against the ruling of the court, the appellee was not bound to offer any in support of it.

Complaint is made of the ruling sustaining a demurrer to the second paragraph of the answer. This answer was bad for several reasons. It is, however, only necessary to state two of them: (1st.) It appears that the notes and mortgage were executed for purchase-money of the real estate mortgaged, and that the mortgagor was still in undisturbed possession thereof, and it does not appear that he has suffered any inconvenience, or that he has been put to any expense, on account of the alleged defect in the title. *Mahoney* v. *Robbins*, 49 Ind. 146. (2d.) The answer professes to answer the entire complaint, and, giving it the most favorable construction for appellants, answers only a part.

The fourth paragraph is very similar to the second, and is bad for the reasons above given. The will referred to therein is not the foundation of the pleading, and we can not examine it in conjunction with the allegations contained in the body of the pleading.

The fourth error discussed is, as counsel state it, "in admitting in evidence on the trial the notes." No such cause was assigned for a new trial, and there is, therefore, no question as to the admissibility of such evidence before us.

The assignment of error based on the overruling of a motion for a new trial is not discussed, and we decline, therefore, in accordance with the settled rule, to give that assignment any consideration.

Judgment affirmed.