No. 8592.

PANCOAST ET AL. *v.* TRAVELERS INSURANCE COMPANY.

PRACTICE.—*Court Rule.*—*Costs.*—A rule of court providing that "motions to require security for costs must be made at the first calling of the docket, unless the affidavit upon which the motion is based shows that the plaintiff's non-residence was not known to the defendant or his attorney, and that it is made as soon as the fact comes to his knowledge," is valid.

MORTGAGE.—*Foreclosure.*—*Mortgagor.*—*Estoppel.*—A mortgagor, with covenants for title, is estopped from pleading, to a complaint to foreclose, that he had, when the mortgage was executed, no title to the mortgaged premises, or to a part thereof.

SAME.—*Practice.*—*Parties.*—In a suit to foreclose a mortgage, the refusal of leave to persons claiming title paramount to that of the mortgagor, to become defendants, is not available error.

SAME.—*Estoppel.*—*Foreign Corporations.*—One who deals with a foreign corporation, by borrowing its money and giving security therefor by mort-

Pancoast *et al. v.* Travelers Insurance Company.

gage, is estopped from answering in a suit to foreclose, that the plaintiff had "no authority to loan money in Indiana," without showing that by such loan the corporation violated its charter or some law prohibiting the loan.

INTEREST.— *Usury.*—A contract for a rate of interest, lawful where the contract is made and where the parties contemplate its enforcement, is valid though the rate of interest exceed that which is allowed at the place fixed for payment.

DAMAGES.—*Remittitur.*—*Supreme Court.*—Where, by reason of a mere error in computation, the damages assessed are excessive, the Supreme Court will affirm the judgment at the costs of the appellee on condition that he remit the excess within a definite period, otherwise the judgment will be reversed.

From the Jasper Circuit Court.

*C. H. Test* and *J. Coburn*, for appellants.

*F. H. Levering, S. P. Thompson* and *T. Thompson*, for appellee.

FRANKLIN, C.—Jonathan Pancoast obtained a loan of four thousand dollars from the Travelers Insurance Company, on the 6th day of February, 1875, for which he executed a note to said Insurance Company, payable five years after said date, and ten interest notes for two hundred dollars each, falling due semi-annually thereafter, with ten per cent. interest after maturity. And to secure the payment of said notes he mortgaged to said Insurance Company certain lands therein described.

The interest notes payable in six, twelve and eighteen months, were paid. And, at the time the complaint in this cause was filed, the notes payable in twenty-four, thirty, thirty-six and forty-two months after date, were due and unpaid.

The complaint is upon all of the unpaid notes and for a foreclosure of the mortgage, alleging that the whole debt was due under a clause in the mortgage, which states " that if any part of the debt secured by this mortgage is not paid when due, or within twenty days thereafter, then the whole debt hereby secured shall, at the option of the mortgagee, be deemed due and shall be collectible at any time after such default."

The cause was called in court on the forenoon of the second

day of the next term of the court, and the defendant was ruled to answer.   In the afternoon of the same day the defendant moved for a rule to require the plaintiff to file security for costs, which was overruled by the court and an exception taken. The defendant then filed an answer in four paragraphs, the first of which was a denial.  In the second he alleges that two of his children owned a one-sixth interest in a part of the lands mortgaged at the date of the mortgage, and asking that they be made co-defendants and be permitted to defend as to their interest.  In the third paragraph he alleges that the notes are payable in Hartford, Connecticut, and that the highest rate of interest allowed by the State of Connecticut is six per cent. per annum; that this contract bears ten per cent. per annum, and the excess is usurious.  In the fourth paragraph he alleges that the plaintiff has no authority to loan money in the State of Indiana, and that the contract is void.    The plaintiff demurred to the second, third and fourth paragraphs of the answer.   The demurrer was sustained as to the second and fourth, and overruled as to the third, and exceptions were reserved.

The two children then filed a petition asking to be made defendants, alleging the same facts set forth by the second paragraph of defendant's answer, which petition was over-ruled by the court and an exception reserved.

A reply was filed in denial, and a special paragraph alleging that the contract was made in Indiana, was to be enforced in Indiana, and was governed by the laws of Indiana, and not by the laws of Connecticut.  To which a demurrer was overruled. Trial by the court, finding for plaintiff, motion for a new trial overruled, exception reserved, and judgment for the plaintiff.

The first error assigned is the overruling of appellants' motion to require appellee to file security for costs.

This ruling was made under a rule of the court previously adopted, controlling such motions, and which reads as follows:   "Motions to require security for costs must be made at the first calling of the docket, unless the affidavit upon which the motion is based shows that the plaintiff's non-res-

idence was not known to the defendant or his attorney, and that it is made as soon as the fact of such non-residence comes to his knowledge. When the motion is sustained the plaintiff will be required to file the undertaking for costs on the following day."

It is competent for circuit courts to make such rules for their government as are not repugnant to the laws of this State. 2 R. S. 1876, p. 9, section 14. If the rule in question is not repugnant to any law of this State, then it must stand. In the case of the *Jeffersonville, etc., R. R. Co.* v. *Hendricks,* 41 Ind. 48, p. 57, the court says: "A rule which would deprive a party of any right secured to him by the constitution or the principles of the common law in force in this State, would be repugnant to the laws of this State." Upon the same page, the court further says: "It is also competent for the court to determine by rule when an application for security for costs shall be made." And a rule upon this subject, very similar to the one under consideration, was in that case upheld by this court. Similar rules upon the subject of the changes of venue have repeatedly been sustained by this court. See *Redman* v. *The State,* 28 Ind. 205; *Galloway* v. *The State,* 29 Ind. 442. In the former case the court says: "The rule of the court, copied above, though a rigid one, we do not think is repugnant to the statute. It does not deny the right of a party to demand a change of venue for the causes specified in the statute, but only limits the time in the progress of the cause in which the application must be made, in reference to which the statute is silent." The latter case adhered to the ruling in the former case.

Rules, in very nearly the same language as the one under consideration, and identical in purpose, were sustained in the cases of *Vail* v. *McKernan,* 21 Ind. 421; *Reitz* v. *The State, ex rel.,* 33 Ind. 187.

The court committed no error in overruling the motion.

The second assignment of error is the sustaining of the demurrer to the third paragraph of the answer. This is a

clerical error in the assignment. The demurrer was overruled as to the third paragraph, but sustained as to the second. And the assignment was doubtless intended to be made upon the ruling on the second, instead of the third. As the parties have so treated it in their briefs, we will so consider it.

The second paragraph of the answer was an attempt on the part of the mortgagor to attack his own title to the mortgaged premises, both at the date of the mortgage and the time of the trial, the mortgage containing a covenant of warranty.

This he could not do. He is bound by and estopped from denying his title to the mortgaged premises at the date of the mortgage, and, where in the mortgage he has warranted the title, any title that he might subsequently acquire would enure to the benefit of the mortgagee. Jones Mortgages, secs. 561, 679, 682, 825, 1483 and 1656. The rule is clearly stated in sec. 682, and the following authorities are cited: *Cross* v. *Robinson,* 21 Conn. 379; *Wires* v. *Nelson,* 26 Vt. 13; *Bailey* v. *Trustees of Lincoln Academy,* 12 Mo. 174; *Floyd County* v. *Morrison,* 40 Iowa, 188; *Franklin* v. *Twogood,* 18 Iowa, 513; *Tefft* v. *Munson,* 57 N. Y. 97; *Usina* v. *Wilder,* 58 Ga. 178; *Lincoln* v. *Emerson,* 108 Mass. 87; *San Francisco* v. *Lawton,* 18 Cal. 465; *Bybee* v. *Hageman,* 66 Ill. 519; *Boisclair* v. *Jones,* 36 Ga. 499; *Strong* v. *Waddell,* 56 Ala. 471; *Hanna* v. *Shields,* 34 Ind. 84; *Plowman* v. *Shidler,* 36 Ind. 484; *Church* v. *Fisher,* 40 Ind. 145; *Jackson* v. *Fosbender,* 45 Ind. 305; *Stahl* v. *Hammontree,* 72 Ind. 103.

The application of Abner C. and Lillie E. Pancoast to be made parties defendants, and be permitted to defend as to their interest in the mortgaged premises, presents a more difficult question. Jones on Mortgages, section 1445, lays down the rule to be as follows: " It is not proper in a foreclosure suit to try a claim of title paramount to that of the mortgagor. The only proper object of the suit is to bar the mortgagor and those claiming under him. Whether the claim of title be made under a conveyance by a third party prior to the mortgage or subsequent to it, it is not a proper subject of

determination in a foreclosure suit; nor is a claim under a conveyance by the mortgagor made prior to the mortgage. Such adverse claims of title are generally matters of purely legal jurisdiction." And the following authorities are referred to in support thereof: *Pelton* v. *Farmin,* 18 Wis. 222; *Palmer* v. *Yager,* 20 Wis. 91; *Summers* v. *Bromley,* 28 Mich. 125. In which case the court says: "A court of equity is not the appropriate tribunal, nor is a foreclosure suit a suitable proceeding, for the trial of claims to the legal title which are hostile and paramount to the interest and rights and titles of both mortgagor and mortgagee. Such a trial will neither fall in with the nature of the jurisdiction, or the genius or frame of the particular remedy." Reference is made to the cases of *Rathbone* v. *Hooney,* 58 N. Y. 463; *Merchants Bank* v. *Thompson,* 55 N. Y. 7; *Brundage* v. *Domestic, etc., Society,* 60 Barb. 204; *San Francisco* v. *Lawton,* 18 Cal. 465; *Kelsey* v. *Abbott,* 13 Cal. 609; *Corning* v. *Smith,* 6 N. Y. 82; *Lewis* v. *Smith,* 9 N. Y. 502.

We think there was no available error in the court's overruling the motion of these parties to be made co-defendants, as complained of by appellant in his fourth specification of errors.

The third error complained of is the sustaining of the demurrer to the fourth paragraph of the answer.

A mortgagor, after having dealt with the mortgagee, can not deny the right of the mortgagee to accept the mortgage. Bigelow on Estoppel, p. 424, uses the following language: "The execution of a mortgage to a corporation, therefore, is an admission of the competency of the corporation to enforce its rights thereunder." A number of cases are therein cited in support of the same.

Appellant borrowed appellee's money, and gave the appellee the mortgage in question to secure its repayment. And, by contracting with appellee, he admitted its right to enforce the mortgage. To hold otherwise would be to encourage and sanction dishonest dealing.

This court has repeatedly held that a party who contracts with a corporation, as such, is estopped from denying its existence or proper organization. *McBroom* v. *Corporation of Lebanon,* 31 Ind. 268; *Ray* v. *Indianapolis Ins. Co.,* 39 Ind. 290; *Vater* v. *Lewis,* 36 Ind. 288.

Although there may be a defect of power in a corporation to make a contract, if a contract made by it is not in violation of the charter of the corporation, or of any statute prohibiting it, the contract will be enforced against the corporation. *State Board* v. *Citizens Street R. W. Co.,* 47 Ind. 407.

If such contract is valid against the corporation, it would also be valid in favor of the corporation. We know of no law in this State that prohibits any corporation from loaning money, and there is no averment in this paragraph of the answer, that such act would be a violation of any of the provisions of appellee's charter.

The following authorities support the foregoing: *Silver Lake Bank* v. *North,* 4 Johns. Ch. 370; *Steam Boat Co.* v. *McCutcheon,* 13 Pa. St. 13; *Mott* v. *The United States Trust Co.,* 19 Barb. 568; *The Steam Navigation Co.* v. *Weed,* 17 Barb. 378; *The Southern Life Ins., etc., Co.* v. *Lanier,* 5 Fla. 110; *The San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 453; *Argenti* v. *City of San Francisco,* 16 Cal. 255.

The doctrine of the foregoing authorities is, that a party to a contract is estopped from urging his discharge from liability on it, by reason of the other's want of authority to make it.

We presume, however, that a contract made by a corporation in relation to a matter entirely outside of its corporate powers, and foreign to its corporate purposes, would be *ultra vires* and form an exception to the foregoing doctrine. But we do not think this contract was of this last named class. There was no error in sustaining the demurrer to the fourth paragraph of the answer.

The last point made upon the assignments of errors is, that the notes and mortgage were made payable in the State of Connecticut; the law of that State should control the inter-

est and not the law of this State, and that the notes were usurious.

It is true that the notes and mortgage are made payable at Hartford, in the State of Connecticut. But it is true that they were executed in this State, the mortgagor lives in this State, the lands lie in this State. And from the terms of the mortgage it is clear that the intention of the parties was that the contract was to be enforced in this State. The mortgage could be enforced nowhere else. In such a case the law of this State governs, the rate of interest being fixed in accordance with the laws of this State. Where the parties reside in different States they may contract at a rate of interest allowed by either State, provided it be done in good faith, without an attempt to evade the usury law. *Townsend* v. *Riley*, 46 N. H. 300; *Peck* v. *Mayo*, 14 Vt. 33.

In the case of *Fisher* v. *Otis*, 3 Chand. Wis. 83, it was held that " A security made in one State where the interest by law is twelve per cent., but payable in another State where interest is restricted to six per cent., is good, where a recovery is sought in the State where it was given. The *lex loci contractus* controls the construction and validity of the contract. A contract valid where it is made, is valid everywhere, except it is shown that the contracting parties intended to be governed by the laws of the country where performance was to be made." This case was adhered to in *Fisher* v. *Otis*, 3 Pinn. (Wis.) 78, and the same principle was held to in *Newman* v. *Kershaw*, 10 Wis. 333–340.

In the case *Chapman* v. *Robertson*, 6 Paige, 627, the Chancellor uses the following language: " But if a contract for the loan of money is made here, and upon a mortgage of lands in this State which would be valid if the money was payable to the creditor here, it can not be a violation of the English usury laws; although the money is made payable to the creditor in that country and at a rate of interest which is greater than is allowed by the laws of England. This question was fully and ably examined by Judge MARTIN in the case of

*Depeau* v. *Humphreys,* in the Supreme Court of Louisiana, (20 Martin's Rep. 1) ; and that court came to the conclusion, in which decision I fully concur, that in a note given at New Orleans, upon a loan of money made there, the creditor might stipulate for the highest legal rate of conventional interest allowed by the laws of Louisiana, although the rate of interest thus agreed to be paid was higher than that which could be taken, upon a loan, by the laws of the State where such note was made payable."

This case, we think, states the law correctly. There have been a number of cases decided by this court, in which it has been held that, where no rate of interest has been fixed, the law of the place where payable will govern. See *Gray, Governor,* v. *The State, ex rel. Coghlen,* 72 Ind. 567, and cases cited.

The court below did not err in overruling the demurrer to the second paragraph of the reply.

The only point made on the motion for a new trial is, that the damages are excessive.

We have examined the calculation of interest and find that the judgment is for $55.30 too much.

We find no other error in this record. If appellee will remit that amount the judgment ought to be affirmed ; otherwise reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that if appellee will remit within sixty days, $55.30, the judgment below, with said remittitur, be and it is in all things affirmed, otherwise reversed, at appellee's costs.