Filed Nov. 2, 1883.

---

No. 10,266.

TRAYLOR ET AL. *v.* DYKINS, AUDITOR, ET AL.

PLEADING.—*Complaint.—Demurrer.—Legal Capacity to Sue.—*A demurrer to a complaint, assigning as cause for demurrer, that the plaintiffs have not the legal capacity to sue, refers only to some legal disability of the plaintiffs, such as their infancy, idiocy or coverture, and not to the fact, if it be the fact, that the complaint fails to show a right of action in the plaintiffs.

COUNTY LIBRARY.—*County Clerk, Auditor and Recorder, Ex-Officio Trustees.— Powers and Duties.—Surplus Library Fund.—*Under section 3784, R. S. 1881, the clerk, auditor and recorder of the county are *ex-officio* trustees of the county library, and, as such trustees, they are authorized by section 3788, R. S. 1881, to loan the surplus library fund for any term not exceeding five years, with seven per cent. interest payable annually in advance.

SAME.—*Mortgage to Trustees.—Estoppel.—*When it appears that the defendant has borrowed the surplus fund of the county library, and has executed his note and mortgage therefor to the county clerk, auditor and recorder, as trustees of the county library, he is estopped from denying the corporate existence of such library, or that the officers named are *ex-officio* trustees of the library, and, therefore, the trustees of an express trust.

PRACTICE.—*Harmless Error.—Supreme Court.—*A judgment will not be reversed by the Supreme Court, for an error in sustaining a demurrer to a paragraph of answer, when it appears that all the evidence, admissible under such paragraph, is also admissible under another paragraph of answer remaining in the record. Such an error is a harmless one.

From the Scott Circuit Court.

*W. K. Marshall,* for appellants.

*C. L. Jewett* and *H. E. Jewett,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellants for the foreclosure of a certain mortgage and the collection of the debt secured thereby. The cause was put at issue and tried by the court, resulting in a finding for the appellees, and judgment was rendered accordingly.

The first error complained of by the appellants, in this court, is the overruling of their demurrer to appellees' complaint. The suit was brought by and in the names of the several persons who were, at the time of its commencement, the auditor, the clerk, and the recorder of Scott county, as trustees of the Scott County Library, for the use of such library. In their complaint, the appellees alleged in substance, that on the 6th day of April, 1870, the appellants executed a mortgage conveying to " the auditor, clerk and recorder of Scott county, Indiana, trustees of the Scott County Library, for the use of such library," certain real estate particularly described in Scott county, as security for the payment of a debt evidenced by the appellants' promissory note, of even date with the mortgage, for the sum of eleven hundred and sixty-six dollars and thirty-three cents, due in five years from date, with seven per cent. interest payable annually in advance; that the note was given to secure a loan of the surplus funds, belonging to such library, loaned under the provisions of "An act authorizing county libraries to loan certain funds, and regulating the same," approved March 11th, 1861; and that the note and interest were due and wholly unpaid. Wherefore, etc.

The appellants demurred to the complaint, upon two grounds of objection, namely :

1. That the appellees had not the legal capacity to sue; and, 2d. That the complaint did not state facts sufficient to constitute a cause of action.

As to the first ground of objection to the complaint, that the appellees had not the legal capacity to sue, it is settled by the decisions of this court, that this cause of demurrer has reference only to some legal disability of the plaintiff, such

as infancy, idiocy or coverture, and not to the fact, if such be the fact, that the complaint, upon its face, fails to show a right of action in the plaintiff. *Debolt* v. *Carter*, 31 Ind. 355; *Dale* v. *Thomas*, 67 Ind. 570; *Nave* v. *Hadley*, 74 Ind. 155. Certainly, it was not apparent upon the face of the complaint in this case, that the appellees or either of them were incapacitated to sue by reason of any legal disability.

Under the second ground of demurrer, appellants' counsel insists that the allegations of the complaint fail to show any right of action in the appellees, upon the note and mortgage in suit. In this position, we think, counsel is mistaken. In section 3 of "An act for the incorporation of county libraries," approved June 18th, 1852 (section 3784, R. S. 1881), it is provided as follows: "The clerk, auditor, and recorder shall have the charge of such library, and are hereby constituted trustees for that purpose. * * * They shall cause all moneys appropriated or belonging to the library to be expended in the purchase of books," etc. In section 3788, R. S. 1881, in force since March 11th, 1861, it is provided as follows: "Any county library that may have been organized under special laws in this State, and yet maintains its organization, and shall have a portion of its funds reserved for replenishing the library from time to time, may loan said surplus fund for any term not exceeding five years, with interest payable annually in advance, at the rate of seven per cent. per annum."

It is manifest, we think, that the note and mortgage, counted upon in appellees' complaint in this case, were executed by the appellants and received by the appellees, under and in intended conformity with the statutory provisions above quoted. The statute makes the auditor, the clerk, and the recorder *ex-officio* trustees of the county library, and gives them the power to dispose of the library funds; and, under the later statute, the surplus of such funds might be loaned, as therein provided. Construing these statutes together, it seems to us that the trustees of the county library were thereby au-

thorized to loan the surplus of the library fund. Under the statute the clerk, the auditor and the recorder of Scott county were *ex-officio* trustees of an express trust; and in the note and mortgage in suit the appellants contracted with the clerk, auditor and recorder of Scott county, as such trustees. The appellees, therefore, as the trustees of an express trust, were authorized to sue in their own names, on the note and mortgage, without joining with them the corporation for whose benefit the action is prosecuted. Sec. 252, R. S. 1881. The appellants, having contracted in express terms with the clerk, auditor and recorder of Scott county, as such trustees, are in no condition to question the right of the appellees, as the successors in such trust, to maintain this action on their contracts. *Weaver* v. *Trustees,* 28 Ind. 112 ; *Heavenridge* v. *Mondy,* 34 Ind. 28 ; *Musselman* v. *Cravens,* 47 Ind. 1.

Our conclusion is, that the court committed no error in overruling the demurrer to appellees' complaint.

The appellants jointly answered, in six paragraphs, of which the first was a general denial of the complaint, and the second stated generally that there was no consideration for the note and mortgage described in the complaint. The third, fourth, fifth and sixth paragraphs of answer severally stated special matters by way of defence; and to each of these paragraphs the appellees' demurrers were sustained by the court. To each of these rulings the appellants excepted, and each ruling is here assigned as error.

The substance of the third paragraph is, that the appellees were not the real parties in interest, and were not the trustees of an express trust. We think this paragraph was clearly bad. The appellants having contracted with the clerk, auditor and recorder of Scott county, as trustees of the Scott county library, were estopped to deny the corporate existence of the library, or that the officers named were the trustees of such library, or that the appellees, as such officers and trustees, were the trustees of an express trust. *McBroom* v. *Corpora-*

*tion of Lebanon*, 31 Ind. 268 ; *Ray* v. *Indianapolis Ins. Co.*, 39 Ind. 290 ; *Mackenzie* v. *Board, etc.*, 72 Ind. 189.

In each of the fourth, fifth and sixth paragraphs of answer the appellants alleged in different forms of expression, that the note and mortgage in suit were given by them without consideration. If, therefore, the court erred in sustaining the demurrer to either or all of these paragraphs of answer, it is manifest that the error or errors were harmless. For any and all facts, tending to show that the note and mortgage were given by the appellants without consideration, were admissible in evidence under the second paragraph of answer. A judgment will not be reversed for harmless errors. *Evansville, etc., R. R. Co.* v. *Baum*, 26 Ind. 70 ; *Wolf* v. *Schofield*, 38 Ind. 175.

We find no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Nov 2, 1883.