348 So.2d 1267 (1977)
AETNA INSURANCE COMPANY
v.
Enoch R. "Ray" EMMONS, Individually, and Ray Emmons Construction Company.
No. 8519.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
*1268 Schafer & Schafer, Timothy G. Schafer, New Orleans, for Aetna Ins. Co., plaintiffappellant.
Sanders & Perlis, Kenneth L. Sanders, Metairie, for Enoch R. "Ray" Emmons and Ray Emmons Const. Co., defendants-third party plaintiffs-appellants.
George J. Richaud, Metairie, for Liberty Mut. Ins. Co., third party defendant-appellee.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit as subrogee of Moody Day, Inc., its insured, against Enoch R. Ray Emmons and Ray Emmons Construction Company to recover for the loss of a portable air compressor leased by those defendants from plaintiff's insured and stolen while in defendants' possession. Plaintiff seeks $8,210, the amount it paid its insured under the policy, and bases the suit on defendants' alleged negligence which resulted in the theft of the air compressor and breach of the lease agreement "to keep safely and return said equipment."
Defendants answered, denying liability, and filed a third party demand against Liberty Mutual Insurance Company, the insurer of the construction company, seeking indemnity under a policy allegedly covering the loss described in plaintiff's suit. Liberty Mutual answered the third party demand, denying liability, and moved for summary judgment based on lack of coverage of the air compressor.
The trial court granted Liberty Mutual's motion for summary judgment and dismissed defendants' third party demand against it. Defendants-third party plaintiffs and the original plaintiff have taken this appeal from that judgment.
Third party plaintiffs' demand originally was based on a comprehensive general liability policy and on a scheduled property floater policy, but in this court they limit their appeal to coverage under the scheduled property floater policy.
It is undisputed that on the day of the loss, April 16, 1975, a scheduled property floater policy issued by Liberty Mutual to Ray Emmons Construction Co., Inc. was in force and contained a Hired Equipment Endorsement. Liberty Mutual likewise concedes the endorsement provides coverage for the type of loss described in plaintiff's suit. The relevant portion of the scheduled property floater policy provides:
"In consideration of the stipulations herein named and of the premium above specified, the company does insure the insured named above, whose address is stated above, from the inception date shown above at noon (standard time) to expiration date shown above at noon (standard time) at place of issuance, to an amount not exceeding the amount(s) above specified, on property described herein or in schedule attached."
*1269 The Hired Equipment Endorsement provides:
"This policy is extended to cover, subject to its terms, conditions and exclusions, similar contractors' equipment, the property of others, leased or hired by the insured, not to exceed $25,000. on any one piece of equipment. In consideration of the above, the insured agrees to keep an accurate record of the total annual `Cost of Hire' of such equipment and pay premium annually, within thirty days after each anniversary date hereafter, at the rate of $3.00 per $100 of `Cost of Hire'. The disaster Limit of $130,524. remains unchanged.
All other terms and conditions of the policy remain unchanged."
The stolen air compressor was not described in the policy or in a schedule attached thereto and it should be noted the face of the policy provides the property insured is "Contractor's Equipment".
Liberty Mutual contends the endorsement is subject to all "terms, conditions, and exclusions" of the main policy, thereby excluding from coverage all leased or hired contractor's equipment which is not separately and specifically described in the policy or in a schedule attached to the policy as stated in the provision first above quoted. Appellants contend the Hired Equipment Endorsement covers all leased equipment similar to that insured by the main policy without the necessity of describing or scheduling such property in the policy. We are of the opinion the position of appellants is the correct one.
The policy itself covers only contractor's equipment described therein or in an attached schedule. Ownership of the described equipment by the insured is not made a condition of coverage. The endorsement provides the policy is extended to cover "similar contractors' equipment" owned by others and rented and leased by the named insured. The endorsement further requires the insured to record the cost of renting the equipment and to pay an annual premium equivalent to 3% of such rental payments.
The endorsement does not specifically require rented equipment be listed or scheduled. If it must be scheduled to be insured, it would appear that the endorsement is unnecessary because the main policy only requires scheduling for coverage to take effect and is silent as to ownership. In the absence of a contractual provision clearly placing risk of loss solely on the owner-lessor, it seems clear the lessee-user of this type equipment has an insurable interest therein because of the numerous hazards to which it is exposed in the normal course of its possession and use.
Likewise the wording of the endorsement itself suggests scheduling is not a requirement of coverage. Coverage is extended to "similar contractors' equipment", but there is no limitation placed on this open-ended language. The endorsement's coverage provision is highly suggestive, if not actually definitive, of coverage, similar to nonscheduled personal property coverage afforded by various other type policies. Third party defendant must have been aware that the equipment requirements of a contractor vary periodically, and the length of such periods vary with the nature of the work undertaken. It is reasonable to conclude an insurer would not require the inconvenient and uneconomical scheduling and unscheduling of numerous moderately priced pieces of equipment on a daily or weekly basis, but instead would agree to insure all such property as and when rented and used.
This conclusion is reinforced by the requirement the insured "keep an accurate record" of the total annual rentals paid and remit premiums equivalent to 3% of this rental cost within 30 days of the policy's anniversary date. If scheduling were required, the insurer would know in advance the value of the rented equipment and could charge advance premiums for coverage of known risks. The procedure of retrospectively basing premiums upon a percentage of the prior year's rental payment is analogous to premium pricing of a workmen's compensation policy where neither insured nor insurer has advance knowledge of total employees (i. e., the total risk) and premiums are determined or adjusted on *1270 the basis of the insured's payroll for the previous year.
If the insurer in this case intended to require scheduling of rented equipment as a condition of coverage, it should have specifically so stated because limitations on coverage provided in an insurance policy must be clear and express in order to inform the insured he must take special measures to obtain protection.[1] And if ambiguity is created by the words of this endorsement making it subject to the "terms, conditions and exclusions" of the main policy, thus requiring scheduling of property for coverage, the ambiguity was created by the insurer and must be construed against it.[2]
We therefore conclude the loss for which the original plaintiff sued was covered under the policy issued by Liberty Mutual to the third party plaintiffs. Accordingly, Liberty Mutual is obliged to indemnify third party plaintiffs in the event of the success of the original plaintiff's suit.
For the reasons assigned, the summary judgment appealed from is annulled and set aside, the motion for summary judgment is denied, and the case is remanded to the trial court for further proceedings in accordance with law and with the views expressed herein. All costs of this appeal are to be paid by Liberty Mutual Insurance Company. All other costs are to await a final disposition.
REVERSED AND REMANDED.
NOTES
[1] Cotlar v. Gulf Insurance Company, La.App., 318 So.2d 923.
[2] Cooling v. United States Fidelity and Guaranty Co., La.App., 269 So.2d 294;Corkern v. Main Insurance Company, Chicago, Ill., La. App., 268 So.2d 138; St. Paul Fire & Marine Ins. Co. v. Roubion, La.App., 252 So.2d 679.