461 So.2d 1141 (1984)
George HEBERT, Individually and on Behalf of His Minor Son, Roger Hebert, and Ada Hebert
v.
FIRST AMERICAN INSURANCE CO., Rosalie Signorelli, Mary Duncan and Their Insurer, State Farm Mutual Automobile Insurance Company, et al.
Joseph PALMISANO, Jr., Individually and on Behalf of His Minor Son, David A. Palmisano
v.
Rosalie SIGNORELLI, Mary Duncan Childress and Donald Robert Childress, and Their Insurer, State Farm Mutual Insurance Company, et al.
Nos. 83-CA-756, 83-CA-757.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
Writ Denied February 4, 1985.
*1142 Joseph S. Russo, Jefferson, for plaintiffsappellees.
Jerald L. Album, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-appellant.
Before GAUDIN, GRISBAUM, and MARCEL, JJ.
CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This appeal arises from a judgment rendered in favor of plaintiff, Roger Hebert, for accident coverage under a student and teachers' insurance policy issued by defendant, Pan American Life Insurance Company (Pan American).
Roger Hebert was involved in an accident on February 27,1980, when the motorcycle on which he was a passenger collided with an automobile. He was a minor at the time. As a result of the collision, he sustained various injuries and subsequently suit was filed on his behalf against various defendants.[1] By the time of trial on February 28, 1983, plaintiff had attained his majority and was duly substituted as the named plaintiff. On the day of trial, all defendants involved compromised and settled with plaintiff with the exception of Pan American. At that time, the case was submitted on memorandum with the sole issue to be resolved being interpretation of the policy exclusion and excess coverage clauses. In a judgment rendered June 30, 1983, the trial court found defendant liable for the excess medical expenses in the amount of Seven Thousand Eight Hundred Twenty-Six Dollars and Seventeen Cents ($7,826.17) with legal interest from date of judicial demand and costs.
Consequently, defendant Pan American perfected this appeal and, in response, plaintiff Roger Hebert appealed the amount of the award.
Appellant, Pan American, specifies the following as error:
that (1) the trial court erred in its interpretation of appellant's exclusion for noncoverage of an insured whose injury is caused by riding on a two or three wheeled motor vehicle; and that
(2) the trial court erred in its improper narrow interpretation of excess coverage under a second exclusion in the student accident health policy of insurance.
Appellee, Roger Hebert, on the other hand, raises the question of whether the trial court erred only to the extent it did not award appellee the full face value of the policy.
On the first issue, Pan American asserts that the trial court erred in finding that the motorcycle exclusion clause did not operate to exclude coverage under these facts. We, however, agree with the trial court that the exclusion does not apply in this case.

*1143 The exclusion clause provides as follows:
"No payment of any kind shall be made for injury, death or any other losscaused, wholly or partly, directly or indirectly by:
Paragraph No. 10. Operating or riding in any kind of aircraft or descent or alighting therefrom, except as a fare paying passenger on a regularly scheduled flight of a commercial airline; operating or riding in or on a two or three wheel motor vehicle or descent or alighting therefrom; ...." (Emphasis added)
As appellant aptly notes, Louisiana jurisprudence mandates the courts to give legal effect to insurance policy provisions in accordance with the true intent of the parties and such intent must be determined in the light of the policy provisions particularly when they are clear and unambiguous and do not lead to absurd consequences. Jennings v. Louisiana & Southern Life Insurance Company, 280 So.2d 297 (La.App. 1st Cir.1973). Any doubt, however, in interpretation must be construed in favor of coverage for the insured. Lombard v. Manchester Life Insurance Company, 406 So.2d 742 (La.App. 4th Cir. 1981) writ denied 1982; Benton Casing Service, Inc. v. Avemco Insurance Company, 379 So.2d 225 (La.1979); O'Donovan v. Bankers Life and Casualty Company, 305 So.2d 643 (La.App. 3d Cir.1974). Furthermore, the policy language should be read broadly in favor of coverage. Applying this rule, the Louisiana Supreme Court has held that the provisions of a policy providing "loss to an automobile caused by theft of the entire automobile" included all contents as well. Insurance Company of North America v. Solari Parking, Inc., et al., 370 So.2d 503 (La.1979). In a case involving an exclusion clause using the words "caused while on duty as a soldier," the court held the exclusion not applicable where the hazardous occupation was not the cause of death. Schroeder v. Amalgamated Association of Street and Electric Railway Employees of America, 153 La. 27, 95 So. 389 (1922). See also Edwards v. Life & Casualty Ins. Co. of Tennessee, 210 La. 1024, 29 So.2d 50 (1946). Conversely, exclusions in an insurance policy should be upheld when clear and unmistakable. Paret v. Louisiana Health Service & Indemnity Company, 366 So.2d 634 (La.App. 3d Cir.1978), writs refused 1979.
While the insurance company has a right to limit its liability, the limitation on coverage must be clear and express in order to inform the insured he must take special measures to obtain protection. Aetna Insurance Company v. Emmons, 348 So.2d 1267 (La.App. 4th Cir.1977). In so determining, those words are to be understood in their common and usual significance without attending so much to grammatical rules as to general and popular use. Harmon v. Lumbermen's Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (1965).
The dictionary defines "cause" as "(1) a person, thing, fact or condition that brings about an effect or that produces or calls forth a resultant action or state...." Webster's Third New International Dictionary (1976).
The facts herein show that Roger Hebert was a passenger on a two-wheel motorcycle at the time of the accident. The parties stipulated that the accident was not a result of a defect in the motorcycle. Appellant, however, asserts that the exclusionary provision is designed to prevent recovery for injuries of any kind sustained as a result of riding on a vehicle of this nature. The trial court, determined that as the accident was not "caused" by either the "operation" or by "riding on" the motorcycle, the exclusion clause did not apply. We agree. Whatever Pan American may have intended in the exclusion, we are of the opinion that the common usage of the words "caused by" requires that the injury have a causal connection to the plaintiff's status as a passenger. As the cause of the injury herein was by the fault of the third party, the plaintiff is entitled to coverage, as found by the trial court.
Appellant alternatively argues that if the exclusion applies, plaintiff still cannot recover as the coverage is excess to all monies collected from whatever source for *1144 whatever reason. The trial court agreed that the coverage created an excess liability, but restricted the excess to "other medical and hospitalization policies which resulted in payments received by plaintiffs for medical and hospital expenses."
Appellee, on the other hand, argues primarily that an increase in the award to the maximum limits under the policy is mandated because the provision is illegal under LSA-R.S. 22:663 and/or because appellant suffered other damages for which he is entitled to collect. We need not address the allegation of other damages since the record is devoid of evidence in that regard. We further conclude that LSA-R.S. 22:663 is inapplicable and that the terms of the policy expressly provide that the insurance becomes excess over and above any and all other insurance collected.
LSA-R.S. 22:663 mandates that no group policy of accident, health or hospitalization insurance shall be issued which excludes or reduces the payment of benefits on the behalf of an insured by reason of the fact that benefits have been paid under any other individually underwritten contract or plan. However, LSA-R.S. 22:215(A) provides:
"Group health and accident insurance is any policy of health and accident insurance covering more than one person, except family group, blanket and franchise policies hereinafter specifically provided for, which shall conform to the following requirements: ...
(3) Blanket, health and accident insurance is any policy covering special groups or persons as enumerated in one of the following paragraphs (a) through (f); ...
(c) Under a policy issued to a college, school, or other institution of learning or to the head or principal thereof, who or which shall be deemed as the policyholder, covering students or teachers." (Emphasis added)
Accordingly, student insurance is not a group policy for which its excess provisions would be in conflict with LSA-R.S. 22:663.
As to the language of the policy, the excess clause reads as follows:
"TRAVEL BY MOTOR VEHICLE AND ACCIDENTS INVOLVING MOTOR VEHICLES
Payment for any loss sustained by an insured hereunder by reason of an accident involving a motor vehicle or motor vehicles (whether such insured be the motor vehicle operator, a passenger in said motor vehicle or a pedestrian involved in such accident) shall be made only to the extent said loss exceeds any and all other insurance collectible as a result of said accident. Such compensation shall include all payments collectible by the Insured, or in the Insured's behalf, on other insurance hospital or surgical plan, or third party liability. All benefits shall be paid in accordance with the policy terms and the provisions up to its maximum limit; however, this paragraph shall not abridge the right of the insured to any accidental-dismemberment benefit." (Emphasis added)
In this case, plaintiff settled with various parties or insurers for a total recovery of approximately Twenty-Eight Thousand Dollars ($28,000). Five Thousand Five Hundred Ninety-Nine Dollars and Twenty-One Cents ($5,599.21) was recovered specifically from other medical insurance. The stipulated medical expenses totalled Thirteen Thousand, Four Hundred Twenty-Five Dollars and Thirty-Eight Cents ($13,425.38). Consequently, appellee is not entitled to relief since the excess clause does not become operative under these facts.
Accordingly, after a review of the law and the evidence, the judgment of the trial court is hereby reversed. Costs of this appeal are to be apportioned between the parties.
REVERSED.
NOTES
[1] Similarly, a suit was filed on behalf of David Palmisano, a minor and driver of the motorcycle against various defendants, which suit was consolidated with the Hebert action. However, that action does not form part of this appeal.