THOMAS F. DALEY, Judge Pro Tem.
This appeal arises from a petition filed on behalf of plaintiffs/appellees, Janice Brooks and DeWitt Lewis, against defendants/appellants, Milton D. Crosby, Sr. and his insurer Allstate Insurance Company for alleged damages caused by a fire of the leased premises. The plaintiffs have asserted the following theories of recovery: (1) negligence; (2) strict liability; (3) failure to warn of a defective and unreasonably dangerous condition; (4) Crosby’s conversion of the plaintiffs’ property, and (5) res ipsa loquitur.
Lewis and Brooks filed a motion for summary judgment on the issue of insurance coverage. They contend that they are insured under the Allstate policy issued to Crosby. They seek compensation as insureds for their property loss from the fire. The trial judge granted the motion for summary judgment. He did not award damages. Crosby and Allstate have appealed the judgment. We reverse the trial court’s granting of summary judgment.
In the instant case we find there is no factual dispute; the sole issue is the interpretation and application of Allstate’s insurance policy.
Crosby leased the premises located at 1410 Hancock Street to Brooks and Lewis. A fire destroyed the premises and all of Brooks’ and Lewis’ property which was contained therein. Allstate had issued a homeowner’s policy to Crosby. Brooks and Lewis filed a motion for summary judgment asserting they were insureds under the policy issued to Crosby. They seek coverage for their loss.
In support of their motion they attached a certified copy of the Allstate policy. Appel-lees contend that various provisions in the policy provided them with coverage. They argued in their memorandum in support of the motion:
The Lewis’s ... submit that the [sic] since property at 1410 Hancock St. is a named [sic] as insured under the policy they are provided with coverage as insureds subject to the terms and benefits of the Fire Policy Provisions including the payment for loss to the' extent of the actual cash value of the property at the time of loss.
They also argued that their contents were directly covered under the policy. Allstate and Crosby filed a memorandum in opposition attaching the policy. Appellants considered it a “fallacious conclusion” that “insured premises” was equivalent to “insured person”. We agree.
Neither Crosby nor Allstate dispute there is liability coverage under the policy. However, Brooks and Lewis seek a first party claim for damages when there has been no assignment of the Allstate policy acquired by Crosby to Brooks and/or Lewis.
The appellants have raised the following issues on appeal: (1) whether the trial judge erred in concluding the tenants were insureds under a homeowner’s policy issued to their landlord, and (2) whether the tenants have alleged or can allege a first party claim against Allstate. The second assignment of error will be addressed first.,
Appellants argue in brief that Brooks and Lewis did not specifically allege a first *523 party claim against Allstate. We conclude they have alleged facts necessary for such relief. Brooks and Lewis have alleged that the Allstate policy covers the leased premises and seek inter alia recovery for their property loss from a fire. The policy provisions relied upon by Brooks and Lewis do protect the dwelling which they were renting.
La.C.Civ.P. art. 862 provides:
... a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.
In appellees’ petition they request relief, “for all damages resulting from the fire” as well as “all general and equitable relief.” Appellees have alleged sufficient facts to assert a first party claim for damages therefore appellants second assignment of error is dismissed.
The first assignment of error questions whether there are material issues of fact regarding the tenants being considered as insureds under a homeowner’s policy as to afford them personal property protection. In order to be afforded coverage appellees attempt to stretch premises coverage to include them directly as insureds. We disagree with the trial court’s application of the policy.
The definition of “insured” is clear in the policy at page 3. “Insured person” is defined as follows:
3. “Insured person” — means you and, if a resident of your household:
a) any relative; and
b) any dependent person in your care.
Under the “Family Liability Protection” coverage and the “Guest Medical Protection” coverages in the policy, “Insured person” also means:
c) any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an insured person. We do not cover any person or organization using or having custody of animals or watercraft in any business, or without permission of the owner.
d)with respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an insured person.
The policy itself defines the term “you” as “the person named on the declarations page as the insured and that person’s resident spouse.” An “insured person” is defined to include the definition of “you” and any relative or dependent person if a resident of “your” household. Under the clear wording of the policy, the insured can only be a person named on the declarations page as the insured, a resident spouse, relative or dependent. The wording of the policy cannot reasonably be extended to cover as an “Insured” a tenant living in an insured premise.
Clearly, these tenants are not named “insured persons” under this section.
The policy in question contains in Section I the following language:
Property We Cover:
1. Personal property owned or used by an insured person anywhere in the world. When personal property is usually at a residence, which is not a residence premises, coverage is limited to 10% of the Personal Property Protection coverage.
[[Image here]]
2. At your option, personal property owned by a guest or residence employee while the property is in a residence you occupy.
Property We Do Not Cover:
5. Property of roomers, boarders or tenants not related to an insured person.
From these provisions it is clear the tenants’ property is excluded from a first party claim. This exclusion is also clear from the “Additional Protection” section of the policy which states at section 3:
3. Damage To Property of Others At your request we will pay up to $500 each time an insured person causes property damage to someone else’s property....
We will not pay for property damage:
*524 a) to property covered under Section I of this policy;
c) to property owned by or rented to an insured person, any tenant of an insured person, or any resident in your household; or
d) arising out of:
1) past or present business activities;
2) any act or omission in connection with a premises, other than an insured premises, owned, rented or controlled by an insured person ...
The policy also contains optional coverages, including “Coverage R — Additional Dwelling Rented to Others.” The policy states that Coverage R covers: “The Family Liability Protection coverage and Guest Medical Protection coverage are extended to cover a one, two, three or four family dwelling rented to others. The definition of insured premises is amended to include the designated rented dwelling.”
Under the terms of the policy, the property located at 1410 Hancock was clearly included as an “insured premises.” However, construing the policy as a whole, the lower court erred in holding that the policy covered the tenants as insureds. Under Louisiana law, an insurance policy is an agreement between the parties and should be interpreted using ordinary contract principles. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). A clear and unambiguous policy must be enforced as written. Central Louisiana Elec. Co., Inc. v. Westinghouse, 579 So.2d 981 (La.1991). Words used in the policy are understood in their plain, ordinary and popular sense. Id. at 986.
Appellees argue that the inclusion of the property located at 1410 Hancock as an insured premises under the Optional-Coverage Information, coupled with the listing of the dwelling on the declarations page, verifies that both the property at 1410 Hancock and the appellees are insureds under the policy. They also assert that because the property at 1410 Hancock is named on the declarations page, and the fire provision policy states that its coverage includes “the Insured named” on the declaration page, that the property at 1410 Hancock St. is named as an insured under the policy and that the tenants are also provided with coverage as “insureds.” However, these assumptions are incorrect for a number of reasons.
The policy states in “Section I Conditions” the following:
2. Insurable Interest and Our Liability
In the event of a covered loss, we will not pay for more than the insurable interest of an insured person in the property covered, nor more than the amount of coverage afforded by this policy.
The listing of 1410 Hancock as an “ADDITIONAL DWELLING RENTED TO OTHERS” on the declarations page, by its very terms only extended family liability and guest medical payment coverages to the rental property. Coverage C for personal property protection also specifically excludes a tenant’s property from coverage. The fact that coverage R for “additional dwelling rented to others” appears on the declarations page along with a description of Coverage C, naming the limit of liability at $60,000 for personal property protection, does not in any way extend coverage under the policy to the personal property of tenants in a covered “additional dwelling,” or extend coverage as an “insured” to a tenant of the person insured.
Moreover, the Standard Fire Policy Provisions also specify that “the Insured named in the Declarations” is covered against “all DIRECT LOSS BY FIRE” to the property described herein while located or contained as described in this policy ...” The declarations page names as the insured Mr. and Mrs. Crosby. The description of policy coverages and limits of liability states that four “additional dwelling(s) rented to others” are named in the policy and insured the “same as coverages X and Y.” Coverages X and Y are for “Family Liability Protection” and “Guest Medical Protection”, respectively. Coverage for family liability and guest medical protection does not include coverage for a tenant’s personal property as an insured.
Section I of the policy, which covers “Your Property”, contains Coverage C governing “Personal Property Protection.” Coverage C clearly states that “property of *525 roomers, boarders or tenants not related to an insured person” is not covered by the terms of the policy. Louisiana law specifies that the insurer has the duty to clearly express exclusions to its insuring obligation. Benton Casing Service, Inc. v. Avemco Ins., 379 So.2d 225, 232 (La.1979). Exclusions in an insurance policy should be upheld when clear and unmistakable. Hebert v. First American Ins. Co., 461 So.2d 1141, 1143 (La.App. 5th Cir.1984), writ denied, 462 So.2d 1265 (La.1985). The policy in question unmistakably excludes from Section I coverage the personal property of tenants.
In short, nothing in the policy provides that a tenant living in a covered rental property is an additional “insured” under the policy. Contrary to the appellees’ assertions, merely because Brooks and Lewis were occupants of an insured dwelling does not make them “insureds” under the terms of the policy, or qualify the contents of the dwelling for coverage on the basis of a first party claim. For the foregoing reasons, the judgment of the lower court granting Brooks’ and Lewis’ motion for partial summary judgment is reversed. Judgment is now rendered in favor of Milton D. Crosby, Sr. and Allstate Insurance Company denying the motion for summary judgment filed on behalf of Janice Brooks and DeWitt Lewis seeking insurance coverage as insureds under the policy issued to Milton D. Crosby, Sr. The matter is remanded for further proceedings.

REVERSED AND REMANDED.